### *FRANK SCHMIDT v. ELMWOOD PLACE (VILLAGE).

**1.** NOTICE TO ABUTTING PROPERTY OWNERS IS NECESSARY.

Notice to abutting property owners is necessary to give a municipality jurisdiction to levy an assessment against such property for either a sidewalk or **a** street improvement.

* This decision was again considered and affirmed in Knecht v. City, 9 Circ. Dec., 392.

2. FAILURE TO GIVE SUCH NOTICE—EFFECT.

> Failure to give or to attempt to give such notice is not a mere technical irregu-
> larity or defect, and an assessment where there has been such failure therefore
> is not brought within the provisions of the curative statutes.

3. RIGHT TO ORDER A RE-ASSESSMENT.

> But where the whole assessment is rendered invalid by such failure, there is
> saved to the municipality the right (if any it has) under sec. 2290, to order a
> re-assessment.

HEARD ON APPEAL from the Court of Common Pleas of Hamilton county.

SMITH, J.

In 1892 the Village of Elmwood Place made an assessment by ordinance for sidewalk improvement on two lots owned by the plaintiff, the assessment on each lot being for $12.66.

In June, 1893, the defendant made another assessment for the improvement of Linden street, on which the lots fronted, in the sum of $87.78 on each of said lots. It is admitted that no notice was ever given to the plaintiff, who was a non-resident of said village, but a resident of the county, of the passage of any resolution by the defendant of the necessity of either of said improvements, and that plaintiff had no notice of the fact of said improvements until after they were made. In all other respects it is conceded that the regular and legal steps were taken. It is sought to enjoin the collection of the whole of these assessments on the ground that no notice was ever given to the plaintiff of the passage of either resolution declaring the necessity of such improvement; and if this is not sufficient, that such assessment was for more than 25 per cent. of the value of the lots after the improvement was made, and praying that it be limited to 25 per cent. of the value of the property after the improvement was completed.

First. As to the sidewalk assessment: The proceedings of the municipal authorities as to the making and repair of sidewalks, and the assessment therefor are proscribed by sec. 2329, Rev. Stat. This provides for the passage of a resolution declaring that certain sidewalks shall be constructed, and for a written notice to be given to the owner or his agent (if a resident of the municipal corporation), of each parcel abutting on the sidewalk of the passage of such resolution. If the owner or his agent is a non-resident and neither he or his agent can be found, notice is to be given by publication in some newspaper of general circulation in the corporation, and sec. 2330 gives such owner thirty days after service of notice to construct such sidewalks. If he does not do so the authorities are to do it at the expense of the owner of the property abutting thereon, and the same, with a penalty of twenty per cent. shall be a lien on the abutting property and be collected as other assessments. In the case of *Hunt* v. *Hunter*, 5 Ohio Circ. Dec., 90, it was held that " the city has no power to lay a sidewalk, and assess the abutting property for the cost of it until the owner, himself, has been notified to lay it and has had the opportunity to lay it." We think this is good law, and as notice was not given in this case, the assessment for the sidewalks will be enjoined.

Second:—As to the effect of the failure to serve plaintiff with a copy of the resolution declaring the necessity of improving the street: Did this render the whole assessment void, or under the provisions of our curative statutes as to assessments, can the court properly in an action

Schmidt v. Elmwood Place (Village.)

brought by the corporation to contest the assessment, or in one brought by the owner to enjoin it, in a case where no notice of the proceedings to improve has been given, as required by sec. 2304, allow such part of the assessment as is a proper charge upon the property to be collected in the one case or to stand in the other?

Section 2289, Rev. Stat., was the original curative section, and provides in substance that in any action brought by the municipality to recover the amount of the assessment or enforce the lien thereof, " if it shall appear that by reason of *any technical irregularity or defect*, whether in the proceedings of the board of improvements or the Council, or any other officer of the corporation, or in the plans or estimates, the assessment has not been properly made against any defendant, or upon any lot or parcel of land sought to be charged, the court may nevertheless, on satisfactory proof that expense has been incurred which is a proper charge against said defendant or lot or parcel of land in question, render judgment for the amount properly chargeable against such defendant or on such lot or land, but in such cases the court shall make such order for the payment of costs as may be deemed equitable and proper." As stated, this seems to be applicable only to actions brought by the municipality, but we have no doubt but the same rule should be applied to cases where an owner of land seeks to enjoin an assessment on account of some "technical irregularity or defect."

But we are of the opinion that the failure to give the notice required by law is not a mere technical irregularity or defect—but on the contrary is necessary to confer jurisdiction upon the municipality—and unless it is given that the assessment can not be legally made upon the property of a person entitled to such notice. We do not say that there must be a literal compliance with the terms of the statute to give such jurisdiction. For instance, as held by this court in the case of Green v. Cincinnati, 4 Ohio Circ. Dec., 573, the notice may be served, but not in strict compliance with the statute, and then it would constitute a technical irregularity or defect, which would bring the case within the provisions of sec. 2289. But where *no* notice is given or attempted to be given, and the municipality proceeds to assess the land of the owner, the case is different. As held in Cincinnati v. Sherike, 47 O. S., 217, the purpose of this notice is not merely to notify the owner so that he may claim damages if he desires to do so. He is entitled to it for other purposes; and if his rights in this respect are disregarded he is entitled to have the assessment held invalid. We think this view is warranted by the decisions of the Supreme Court in the case of Welker v. Potter, 18 O. S, 85; Stephan v. Daniels, 27 O. S., 527; Kelly v. Cleveland, 34 O. S., 468, and Railroad Co. v. Wagner, 43 O. S., 75.

We think it is strengthened too by the provisions of sec. 2289*a* 2289*b*, as enacted January 11, 1893, 90 O. L., 5, and sec. 2289*c*, 2289*d*, 92, O. L., 280. By this legislation it was in effect provided that where the municipal authorities heretofore or hereafter should have failed to pass ordinances for assessments in the manner provided by the statute, (and a failure to do so rendered the assessment invalid, as held by the Supreme Court) and in other respects specifically mentioned have failed to observe the provisions of the statute, that if it still appeared that some part of the assessment was a just claim upon the land, that it might be collected nevertheless, or that the whole assessment should not be enjoined or held invalid. But there is no pretense that any of these sections apply to a case where no notice was given as required by law.

In the case at bar, Schmidt, the plaintiff, in his petition avers that without prejudice to his rights, and by way of compromise, he had tendered to said defendant the sum of $45 for each of said lots in payment of the full amount of the assessments made thereon, and is ready and willing to pay the same still. If the defendant is willing now to accept said amount in full of its claim, the decree may be taken in its favor for that amount and the residue enjoined. If not, the whole will be enjoined, saving the right to the defendant (if any it has) under sec. 2290 to order a reassessment. In either event the costs will be adjudged against the defendant.

*Burch* & *Johnson*, for plaintiff.

*W. E. Bundy*, for the village.